Burnett v. Thompson.

## BURNETT v. THOMPSON.

1. Where a party indebted to another, transfers to him notes and accounts equal to the amount of the indebtedness, upon an agreement, that if they could not be collected after "making an effort to collect the same," that then he would pay the amount uncollected; to entitle the creditor to recover of the original debtor, it is enough for him to shew that judgments were obtained on the notes and accounts, and executions thereupon issued returned "no property found." And although such proof may not establish the fact of insolvency, yet it will not warrant the reversal of a judgment on error, to shew that the primary court instructed the jury, that "it was *prima facie* evidence of insolvency."

THE defendant in error declared against the plaintiff, in assumpsit, in the circuit court of Cherokee.

1. For goods, wares and merchandise, sold and delivered.

2. That the defendant below being indebted to the plaintiff below, for goods, wares and merchandise, sold and delivered, transferred to him certain notes and accounts, amounting in the aggregate, to the sum of two hundred and sixty and thirty-three and one-third hundredths dollars, upon an agreement that if they

could not be collected, after "making an effort to collect the same," then the defendant below, would pay the amount uncollected. The declaration alleges a failure to collect all but eighty-seven and eleven hundredths dollars, though all the notes and accounts had been sued to judgment, and executions issued thereupon, returned "no property found."

The case was tried on the pleas of "non assumpsit, payment, and set-off." On the trial, we are informed by a bill of exceptions, that the judge instructed the jury, that the return of the executions, "no property found," was *prima facie* evidence of the fact of insolvency of the persons against whose estates such executions issued. The evidence disclosed in the bill is satisfactory to show that the allegation of the declaration on this point was sustained before the jury. A verdict and judgment was rendered against the defendant below, who now prosecutes a writ of error to revise the same, and insists that the judge of the circuit court, erred in his instructions to the jury.

PECK, for the plaintiff.
No counsel appeared for defendant.

COLLIER, C. J.—The instructions of the judge of the circuit court to the jury, may not be correct, if regarded as the assertion of an abstract proposition, but when considered in connection with the contract of the parties, we think them entirely unobjectionable. The bill of exceptions does not inform us that the proof, at the trial, failed to establish the contract as alleged in the declaration, or that, on that point there was any controversy, we must then intend, that it was satisfactory. The plaintiff in error then, agreed to pay to the defendant the amount of the notes and accounts transferred to him, in the event that he could not collect the same, "after making an effort" for that purpose. An *effort to collect*, clearly does not imply that all the means known to the law, shall be exhausted, before the contract to pay shall become absolute, or the defendant be authorized to demand payment of the plaintiff. The condition on which the plaintiff's liability depends, is certainly well perform-

ed, if such means of collection, by the aid of legal process, have been resorted to, as are usual. The contract did not impose upon the defendant, the duty of prosecuting suits upon the notes and accounts transferred to him, to such an extent as to force the parties liable to their payment, to take the oath of insolvency.

True, the judge in his charge, asserts that the return of "no property found," is *prima facie* evidence of insolvency. Whether this be so or not, it is unnecessary to inquire, since, as we have shown, that it is evidence that such *an effort* was made to collect the notes and accounts as the contract requires.

The instructions to the jury are substantially correct, and the judgment of the circuit court is affirmed.